LAWRENCE G. WASDEN
ATTORNEY GENERAL
STATE OF IDAHO

PEG M. DOUGHERTY, ISB #6043
Lead Deputy Attorney General
Contracts & Administrative Law Division

CHARINA A. NEWELL, ISB #6783
Deputy Attorney General
Contracts & Administrative Law Division
450 W. State Street – 10th Floor
PO Box 83720
Boise, ID 83720-0036
Telephone: (208) 334-5537
Fax: (208) 334-5548
newellc@dhw.idaho.gov

Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITY SERVICE COORDINATION, INC., A REFERRAL AND INFORMATION SERVICE, LLC, S.O.A.R., INC., COORDINATED CARE SERVICES, LLC, UNBEFUDDLED, LLC, LLOYD BRINEGAR SHORT & ASSOCIATES, LLC<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD ARMSTRONG, and LESLIE CLEMENT, in their official capacities,<br><br>Defendants. | Case No. 09-CV-00639-BLW<br><br>REPLY BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT |

COMES NOW Defendants, by and through their attorneys of record, and file this Reply Brief in Support of Defendants' Cross-Motion for Summary Judgment.

## I.   Introduction

The Plaintiffs' claims regarding the Department's alleged failure to perform responsible cost studies are neither supported in law nor in fact. It remains undisputed that the expert report of Dr. Green is based on several mistakes of fact and erroneous assumptions to the point that it is reasonable to infer that his conclusions are not reliable. Furthermore, Plaintiffs attempts to discredit Sheila Pugatch are misinformed. Many of Plaintiffs' complaints regarding the Department's cost studies are unfounded or can be traced back to their own non-participation. Finally, Plaintiffs have utterly failed to address the remaining factors under Section 1396(a)(30)(A), and therefore, cannot show why the Department is not entitled to summary judgment as a matter of law on these issues. The Department respectfully requests that the Court grant its cross-motion for summary judgment.

## II.   The Department's Cross-Motion for Summary Judgment Should Be Considered by the Court.

The Court should consider the Department's Cross-Motion for Summary Judgment because the legal issues in both motions for summary judgment are interconnected such that it would be illogical and impractical to hear one motion and not the other. Furthermore, this matter will not be tried to a jury; the Court is the eventual trier of fact. In the interests of judicial expediency and efficiency, the Department's motion should be considered contemporaneously with the Plaintiffs' Motion for Partial Summary Judgment.

## III.   The Department Performed Costs Studies Reasonably Related to Costs of Services .

In response to the Department's cross-motion for summary judgment, the Plaintiffs argue that the alleged failures to perform responsible costs studies and to establish a proper

reimbursement rate are sufficient to deny the cross-motion. Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion and in Support of Plaintiffs' Motion for Summary Judgment, pg. 10 (Dkt. 44). The state must set reimbursement rates that "bear a reasonable relationship to efficient and economical [providers'] costs of providing quality services, unless the Department shows some justification for rates that substantially deviate from such costs." *Ind. Living Ctr. of So. Calif, Inc. v Maxwell-Jolly*, 572 F.3d 644, 651-52 (9th Cir.2009), quoting *Orthopaedic Hospital v. Belshe*, 103 F.3d 1491, 1496 (9th Cir.1997).[1] A state "must rely on responsible cost studies, its own or others' that provide reliable data as a basis for its rate setting." *Id.* Here, Plaintiffs are unable to prove that the costs studies undertaken by the Department and the development of the reimbursement rate violate federal law. Conversely, The Department has shown that it complied with all statutory requirements in developing and applying the new reimbursement methodology. Thus, the Department is entitled to judgment as a matter of law.

First, the expert reports submitted by Dr. Green were relied upon by the Plaintiffs' as a basis for asserting that the Department's studies were not responsible. Dr. Green has opined that the Department's cost studies were flawed because they did not take into account the new billing method of billing in 15-minute increments. In fact, the Department did use data in the cost studies submitted by mental health and personal care services providers, who already were

---

[1] This area of law is not "well-settled" as Plaintiffs claim, at least outside of the Ninth Circuit. In the attached Solicitor's General Amicus Curiae brief, submitted in the Petition for Writ of Certiorari in *Ind. Living Ctr. of So. Calif, Inc. v Maxwell-Jolly*, 572 F.3d 644, 651-52 (9th Cir.2009), the Solicitor General outlines other judicial circuits interpretation of Section 30(A). *See* Attachment A, pg. 9-11. "[T]he Ninth Circuit stands alone among the court of appeals in requiring States to adopt a particular cost-based methodology to set Medicaid payment rates." Attachment A, pgs. 9-10. The Solicitor General, however, does not support the Petition for Writ of Certiorari due to the fact that CMS will soon furnish authoritative interpretation of Section 1396(a)(30)(A) in proposed rulemaking set for 2011. *Id.* at pg. 11. "The nature and extent of the obligations imposed on States under Section 1396(a)(30)(A) are best suited for expert agency consideration in the first instance. The agency's interpretation will be entitled to deference under *Chevron U.S.A Inc. v. NRDC*, 467 U.S. 837 (1984), and may well resolve any conflict among the courts of appeals, rendering review by this Court unnecessary." *Id.* The Solicitor's opinion may also be found at: http://www.justice.gov/osg/briefs/2010/2pet/6invit/2009-0958.pet.ami.inv.pdf.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT - 3

billing in 15-minute increments. Pugatch Aff. II, ¶ 4. (Dkt. 39-1). Therefore, Dr. Green's argument that the Department failed to account for the "new business model" is baseless.

Counsel for Plaintiffs further attempts to confuse the issue of the calculation of indirect costs, claiming that the 10% indirect cost figure used by the Department is never explained. *See* Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion and in Support of Plaintiffs' Motion for Summary Judgment, pg. 5 (Dkt. 44). However, the Department explains the use of the 10% indirect cost figure in its opening memorandum to the Court and in the first Affidavit of Sheila Pugatch. *See* Department's Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment, pg. 7-8 (Dkt. 39); Pugatch Aff. I, ¶23 (Dkt. 15). There, it is explained that the JVGA report from 2008 found that General and Administrative Expenditures totaled 7.7%. Department's Memorandum in Opposition, pg. 7-8 (Dkt. 39). CMS mandated that the maximum allowable figure is ten percent unless further supporting data is provided. *Id.* The Department used the highest allowable figure it could because the data it was provided was inadequate to justify using the 7.7% figure. *Id. See* Exhibit D-8, #57, Pugatch Aff. I (Dkt. 15). Thus, Plaintiffs' assertion is simply untrue.

Plaintiffs argue further that Ms. Pugatch's statements provided in her second affidavit, paragraph 5, that "47.9% of the total rate is comprised of all other costs" is "simply an error or a lie." Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion and in Support of Plaintiffs' Motion for Summary Judgment, pg. 6 (Dkt. 44). Ms. Pugatch's testimony is clear, and Counsel's attempts to attack her character are uncalled for. This percentage was simply calculated based on the figures presented in Exhibit D-14 to Pugatch's first Affidavit:

**Total rate ($44.16) – Direct Care Staff Wage ($22.99) = $21.17/Total rate ($44.16) = 47.9%**

The paraprofessional rate was calculated using the same formula.

On the other hand, Plaintiffs state that "General and Administrative Expenditures" account for 79.44% of direct care staff wages. However, Plaintiffs' calculation is erroneous. To arrive at this figure, counsel simply added the percentages given to him by the Department in its Response to Requests for Admission. However, to arrive at a total percentage, one must look at the costs in comparison with the total costs. In reality, the total costs percentage calculated by Pugatch excluding direct care staff wages is 44.3% as she explains in paragraph 5 of her second affidavit.

Counsel also takes issue with Pugatch's statement that "the data set size was irrelevant because it was not used in the rate reimbursement methodology calculation." Pugatch Aff. II, ¶ 6 (Dkt. 39-1). The courts have not yet defined what constitutes a "responsible" cost study. The Department submits that it would be highly irresponsible to use cost study data to set a reimbursement rate where only a small portion of providers submitted data. This situation highlights the problem with mandating cost studies on the Department where provider participation is considered optional and, in this situation, participation was almost nonexistent among the Plaintiffs. Instead, the Department was forced to use the Idaho-specific Bureau of Labor Statistics mean wages in calculating the rates, which is the best available data considering the providers neglected to submit their actual cost data to the Department. Plaintiffs are asking the Court to ignore their complicity when in fact, their failures contributed to the alleged problem. As such, the Department is entitled to summary judgment on the basis that it conducted responsible cost studies.

IV.  **It is undisputed that the Department has complied with 30(A) factors.**

Aside from their statement that the Department's bases for summary judgment should be denied,[2] the Plaintiffs have failed to address the 30(A) factors of efficiency, economy, access to care, and quality of care. The Department outlined its compliance with these factors in its first brief submitted to the Court and will not repeat its argument here. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' Cross-Motion for Summary Judgment, pgs. 14-16 (Dkt. 39). Because Plaintiffs have completely failed to refute this evidence, no genuine issues of material fact exist. The Department is entitled to summary judgment as a matter of law.

V.  **CMS Approval of State Plan Amendments**

Plaintiffs argue that there is no evidence that CMS gave any consideration to whether responsible cost studies were performed and whether the final rate bears any reasonable relationship to the cost studies, therefore, CMS' approval of the state plan amendment is not entitled to judicial deference. *See* Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion and in Support of Plaintiffs' Motion for Summary Judgment, pg. 10 (Dkt. 44). In fact, CMS has disapproved of several state plan amendments submitted by the state of California due to the fact that California failed to demonstrate that it met the Section 30A requirements.[3] Specifically, CMS cited to the fact that California failed to provide information regarding the impact of the proposed reimbursement reductions on a beneficiary's access to services. Plaintiffs agree that CMS' approval should be given deference in this instance. "In the absence of any evidence to indicate that the state's plan fails to meet the statutory requirements of economy, efficiency, quality of care and access to care, CMS' finding might be sufficient to prove the

---

[2]  *See* Plaintiffs' Memorandum in Opposition to Defendants' Cross-Motion and in Support of Plaintiffs' Motion for Summary Judgment, pg. 10.
[3]  See Attachment 1, Appendix A, pg. 2a.

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT - 6

adequacy of Idaho's plan." Plaintiffs' Reply Memorandum in Support of Motion for Preliminary Injunction, pg. 4 (Dkt 29). Although the plan amendment approvals at issue here do not contain language citing the 30(A) factors, it is clear that CMS does consider such factors and considers whether a proposed SPA complies. The CMS findings are thus sufficient to prove that Idaho's SPA's complied with federal law, and are entitled to *Chevron* deference by the Court.

### VI. CONCLUSION

Based on the foregoing reasons, the Department respectfully requests the Court to grant its motion for summary judgment as a matter of law.

DATED this 23rd day of December, 2010.

OFFICE OF THE ATTORNEY GENERAL

_____
CHARINA A. NEWELL
Deputy Attorney General

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 23rd day of December 2010, I submitted the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT to the Clerk of the Court for service on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing, including, but not limited to, the following:

| | |
|---|---|
| James M. Piotrowski | Email: JPiotrowski@idunionlaw.com |
| Marty Durand | Email: marty@idunionlaw.com |
| HERZFELD & PIOTROWSKI, LLP | |

Additionally, a copy of the foregoing was served on the following parties by first class mail, postage prepaid, addressed to:

**None**

_____
Charina A. Newell
Deputy Attorney General

DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT - 8